**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:21-CV-00602-RGJ-CHL**

**THOMAS WRIGHT,**                                                                                          **Plaintiff,**

**v.**

**GOOGLE, LLC, et al.,**                                                                                    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Stay Lawsuit Pending Limited Discovery on Execution of Binding Arbitration Agreement filed by Defendant Google, LLC ("Google"). (DN 8.) Plaintiff Thomas Wright ("Plaintiff") has filed a response (DN 22), to which Google filed a reply (DN 31). Therefore, the motion is ripe for review.

**I.       BACKGROUND**

On August 25, 2021, Plaintiff filed this action in the circuit court for Jefferson County, and on September 24, 2021, the case was removed to this Court. (DN 1; DN 1-1.) Plaintiff alleges that he was injured due to a defect in his Pixel 4 XL smartphone and brings claims for negligence and strict liability against all defendants as well as breach of warranty and state consumer protection claims against Google. (DN 1-1, at PageID # 11, 14–37.) On October 4, 2021, Defendants Cellular Sales of Kentucky, LLC and Cellular Sales of Knoxville, Inc. moved to compel arbitration. (DN 5.) On October 15, 2021, Google filed the instant motion, which seeks a stay this case pending limited discovery to determine whether Plaintiff entered into a binding arbitration agreement covering his claims against Google. (DN 8.)

Google states that the Pixel 4 XL smartphone setup process requires users to accept an arbitration agreement and allows them to opt out of the agreement through an optional procedure.

(*Id.* at PageID # 122.)  Google seeks discovery "related to certain identifying information Google needs in order to confirm Plaintiff went through the Pixel 4 XL setup process (which would have included acceptance of the agreement to arbitrate) and did not thereafter exercise his right to opt out under the applicable terms of the agreement." (DN 8-1, at PageID # 130.)  Google states that such discovery "includes, but is not limited to: usernames, serial numbers, email addresses, registration information, account numbers, receipts, and other identifying information related to Plaintiff and the purchase of his device." (*Id.*)

In response, Plaintiff states that he "opposes the blanket stay of the entire matter but would agree to provide Google 30 days from the Court's determination of the subject motion to seek the information outlined in its motion prior to seeking any discovery from that defendant and another 30 days to file whatever motion it deems appropriate following that discovery period." (DN 22, at PageID # 168–69.)  In reply, Google asserts that "thirty days does not account for any unanticipated delays the parties may encounter in limited discovery." (DN 31, at PageID # 225.)  It thus "suggests sixty (60) days to conduct its limited discovery, and an additional fourteen (14) days thereafter within which to bring a motion to enforce its rights under any applicable arbitration provision." (*Id.*)  Google also opposes Plaintiff's proposal that the stay be limited to discovery from Google, which it argues "ignores the prejudicial and preclusive effects such a procedural maneuver may have on Google, as well as the Court's interests in judicial economy." (*Id.*)

## II.     LEGAL STANDARD

It is "well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).  This includes "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  In

assessing whether to stay discovery otherwise permitted under Rule 26 of the Federal Rules of Civil Procedure, courts must consider "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (citations omitted). Generally, "the filing of a case dispositive motion is insufficient to warrant a stay of discovery." *Brown v. Danson Inc.*, No. 1:11-cv-820, 2012 WL 3600100, at *2 (S.D. Ohio Aug. 21, 2012); *see also Baker*, 2015 WL 6964702, at *2-3.

### III.  DISCUSSION

As an initial matter, the Court addresses Google's assertion that a stay is mandatory. (*See* DN 8-1, at PageID # 130.) Google cites to *Stanton Health Facilities LP et al. v. Fletcher*, 454 S.W.3d 312 (Ky. App. 2015) as requiring a stay "while the parties engage in limited discovery regarding the Plaintiff's execution of the arbitration agreement." (*Id.*) In *Stanton* the court reviewed a trial court's order deferring a ruling on a motion to compel arbitration and allowing the parties to proceed to pretrial discovery. 454 S.W.3d at 314. The court noted that "[t]he plain language of KRS 417.060 directs that a trial court 'shall proceed summarily' to the determination of a motion to compel arbitration. KRS 417.060(4) requires a trial court to stay '[a]ny action or proceeding' pending the determination of a motion to compel arbitration." *Id.* at 315. The court therefore found "that the trial court erred by allowing discovery to proceed on the merits of the underlying claim while the motion to compel arbitration was pending." *Id.* Here, even assuming that a decision by the Kentucky Court of Appeals was binding on this Court's disposition of the instant motion, *Stanton* does not apply because Google has not filed a motion to compel arbitration. Google has not cited any authority that mandates a stay under these circumstances. That said, the

3

reasoning relied upon in *Stanton* is not irrelevant to the Court's balancing of the relevant burdens and hardships.

Courts recognize a strong presumption in favor of arbitration. *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 396 (6th Cir. 2014). If Google prevails in compelling arbitration, it will be on a showing of its "right not to litigate the dispute in a court and bear the associated burdens." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). The Fourth Circuit has aptly described those burdens:

> [A]llowing discovery to proceed could alter the nature of the dispute significantly by requiring parties to disclose sensitive information that could have a bearing on the resolution of the matter. If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process.

*Levin v. Alms & Associates, Inc.*, 634 F.3d 260, 265 (4th Cir. 2011).

Here, the limited stay will allow Google to explore the arbitrability of Plaintiff's claims against it, while denying the stay and requiring Google "to proceed to defend an action in [federal] court would destroy the contractual right to arbitration." *Stanton*, 454 S.W.3d at 314.

On the other hand, the Court sees little basis for a finding that a limited stay would prejudice Plaintiff. The only grounds for his objection to Google's request is that he "entitled to discover facts and documents related to his claims against all Defendants in a timely manner pursuant to FRCP 26." (DN 22, at PageID # 168.) The Court recognizes that it "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). However, the Court is unconvinced that a limited stay prejudices Plaintiff's right. This case is still in nascent stages; the recently

issued scheduling order established a discovery deadline of November 1, 2022, well over ten months from now. (DN 34.) Plaintiff will be equally situated to diligently conduct discovery upon the conclusion of a sixty-day stay. Additionally, the Court agrees with Google that the stay is in the interest of judicial economy because it will allow the Court to consider all motions to compel arbitration at the outset of the case. Therefore, the Court will grant Google's request for a stay pending limited discovery related to Plaintiff's agreement to arbitrate his claims.

IV.   **ORDER**

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. DN 8 is **GRANTED**.

2. Discovery in this matter is **STAYED** pending Google's limited discovery as to Plaintiff's execution of a binding arbitration agreement, which shall be completed on or before **March 15, 2022**.

3. Google shall file any motion to compel arbitration on or before **March 29, 2022**.

Colin H Lindsay, Magistrate Judge
United States District Court

January 12, 2022
cc: Counsel of record